**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH ANTHONY STAFFORD,

      Plaintiff-Appellant,

  v.

DOSS, Officer; ZUNIGA, Officer; IBARRA, Officer; LOPEZ, Sgt.,

      Defendants-Appellees,

and

GRIFFIN, Officer; RICHARDSON, Chief Judge, Officer; O'FAIR, Officer,

      Defendants,

  v.

VALDEZ, Non-Party; NIXON, Non-Party; PAVLIOGLO, Non-Party; JUSTIN, Non-Party,

      Movants-Appellees.

No. 23-15447

D.C. No. 2:16-cv-01403-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 24, 2024[**]

Before: FERNANDEZ, KLEINFELD, and SILVERMAN, Circuit Judges.

Plaintiff Joseph Anthony Stafford, an inmate at California State Prison, Solano ("CSP-Solano"), appeals the judgment after jury verdict in his civil rights action under 42 U.S.C. § 1983. Stafford alleged retaliation by correctional officer defendants Zuniga, Ibarra, Lopez, and Doss, in violation of his First Amendment right to file a prison grievance in connection with his allegation of sexual harassment. The jury returned a verdict in defendants' favor. Stafford appeals, claiming that: 1) the unavailability of several of his requested witnesses was due to witness tampering and eluding service, and 2) defendants coached one witness into changing his testimony. We review for abuse of discretion the district court's evidentiary rulings, *see Boyd v. City and Cty. of S.F.*, 576 F.3d 938, 943 (9th Cir. 2009), and for plain error an unpreserved objection, *see Claiborne v. Blauser*, 934 F.3d 885, 893 (9th Cir. 2019) (as amended on denial of reh'g en banc), and we affirm.

Stafford is not entitled to relief based on the unavailability of certain witnesses he subpoenaed one week before trial, after the district court verified that one of the witnesses was ill from COVID-19 and two of the witnesses were on

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

leave that had been approved before the subpoenas were issued. *See Claiborne*, 934 F.3d at 893 (requiring, for reversal, error that was obvious, affected substantial rights, and that seriously affects fairness, integrity, or public reputation of judicial proceedings); *Boyd*, 576 F.3d at 943 (requiring party seeking reversal for evidentiary error to show prejudice that more probably than not affected result).

The record belies Stafford's contention that witness Shane Brown was coached into changing his testimony, when Stafford had an opportunity to address and clarify Brown's testimony. *See United States v. Sayakhom*, 186 F.3d 928, 945 (9th Cir. 1999) (explaining that cross-examination and argument are the primary tools for addressing improper witness coaching).

Stafford's motion to dismiss the appellees' brief, Docket Entry No. 24, is denied as moot.

**AFFIRMED.**